## Ex Parte WHITEHEAD.

1. When a debtor who is held to bail endeavors to procure his discharge under the insolvent laws, by rendering a schedule of his property, and takes an appeal to the Circuit Court under the provisions of section 2185 of the Code, he is entitled to be discharged from custody on giving the bond required by that section.

PETITION by John Whitehead for the writ of *Habeas corpus* and such other remedial process as may be necessary to obtain his discharge for an alleged illegal confinement in the jail of Choctaw County.

CHILTON, C. J.—This is an application by Whitehead to be discharged on *habeas corpus* from an alleged illegal confinement in the jail of Choctaw County, on proceedings had against him under the insolvent laws.

It appears that an application for a discharge was made before His Honor C. W. Rapier, one of the circuit judges, by *habeas corpus* tried before him, and was refused, the judge holding, as appears from the facts certified by him to this court, that the giving of the bond authorized by section 2185 of the Code, which provides that the party may appeal to the Circuit Court upon enterring into bond with security, &c., conditioned that the defendant will appear at such court and abide its judgment, did not justify the defendant's enlargement.

In our opinion, this is not a correct construction of that section of the Code; but we think it was intended that, upon entering into such bond, the defendant should be discharged, upon the security which it furnishes.

Let a writ of *certiorari* and also a writ of *habeas corpus* issue

to bring the record and the prisoner before us, unless, under the opinion as above expressed upon the *prima facie* case as presented by the petition, the circuit judge, or other officer having cognizance of the case, shall discharge the prisoner.